REQUESTED BY: Patrick M. Connealy, Keya Paha County Attorney, P.O. Box 127, Springview, Nebraska, 68778.
Must the County Board appoint a licensed surveyor to act as the County Surveyor even though there is not an immediate need for such a surveyor?
May the County Board appoint a licensed surveyor to act as the County Surveyor on a case by case basis as the need arises?
Yes.
No.
Implicit in the first question are two other questions. The first is that there is a vacancy in the office of County Surveyor. For the purposes of this opinion, we assume there is. The second is whether or not the county may appoint someone not a registered land surveyor as County Surveyor. The answer is that it cannot. In Opinion No. 40 dated May 12, 1969 (Report of Attorney General 1969-1970, page 63) it was stated:
 "In our opinion, the mere fact that the office of County Surveyor is created and its duties prescribed by statute does not detract from the conclusion that any County Surveyor and ex officio County Engineer is engaged in the practice in each of those professions. Nor, as we have previously suggested, should County Surveyor and ex officio County Engineer be considered exempt simply because of his official status; no more so, for example, than should a County Attorney or County Physician being considered exempt from registration in their respective professions."
This brings us, then, to the question whether the county must appoint a County Surveyor. Section 32-308, R.R.S. 1943, provides in subsection 2 thereof that a County Surveyor shall be elected in each county. Section 32-1037, R.R.S. 1943, provides how a vacancy occurs in an office, and includes the resignation, death, or removal of an incumbent, and failure to elect at a proper election with no incumbent to hold over, among other reasons. Section 32-1040, R.R.S. 1943, provides, in part:
 "Vacancies in office shall be filled in the following manner: * * * [I]n county and precinct offices including county supervisors, by the county board. . . ."
In our opinion of June 11, 1954 (Report of Attorney General, 1953-1954, page 414), in response to a request whether the County Board could abolish the office of County Surveyor, we said:
 "We conclude that the County Board does not have authority to abolish the office of County Surveyor."
We adhere to that opinion, and suggest that when a vacancy occurs in the office of County Surveyor, and the County Board fails to fill the vacancy, it has, in effect, abolished the office. This, it cannot do.
Your second question has to do with whether the County Board might appoint a licensed surveyor to act as County Surveyor on a case by case basis. We must presume that this question has to do with whether the county can pay the surveyor on a case by case basis rather than by monthly salary, since it is clear that once a qualified person is appointed County Surveyor, his status as such continues until a vacancy is created in the office.
The proper method of compensating the County Surveyor has been, for many years, controlled by the provisions of Section 33-116, R.R.S. 1943. This section has, on several occasions, been amended by the legislature and several previous opinions of this office have reflected different methods of paying the County Surveyor, based on several versions of Section 33-116. Section 33-116 was last interpreted by this office to determine the proper method of compensating the County Surveyor in Opinion No. 212 dated August 9, 1966 (Report of Attorney General, 1965-1966, page 341), wherein it was stated:
 "In conclusion, Section 33-116, R.S. Supp. 1965, pertains only to the monetary value of the services of the County Surveyor which is to be paid to the County Treasurer and not to the County Surveyor as compensation whereas, Section 23-1114, R. S. Supp. 1965, places the power of determining the salary of the County Surveyor on the County Board."
Since that time, Section 33-116 has been amended in several particulars, but relevant to the method of compensation, only by the addition of the following:
 "* * * Provided, that in any county with a population of less than 50,000, but more than 20,000, the County Board, may, in its discretion, allow the County Surveyor a salary of not to exceed $9,000 per annum, payable monthly, by a warrant drawn on the general fund of the county, and all fees received by surveyors so receiving a salary may, with the authorization of the County Board, be retained by the surveyor, but in the absence of such authorization all such fees shall be turned over to the County Treasurer monthly for credit to the county's general fund."
We therefore adhere to the aforesaid Opinion No. 212 of August 9, 1966, with the exception pertaining to counties of between 20,000 and 50,000 in population where the County Board has, by official action, provided for a salary and provided for disposition of the fees. Thus, subject to the exception noted, the County Board should set a salary for the County Surveyor, as his compensation.